UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSE ROBERTO CORDOVA GONZALEZ (A-Number: 244-651-972),

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION FACILITY,

Respondents.

No. 1:26-cv-07804-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN TEN (10) DAYS

Doc. 1

Petitioner Jose Roberto Cordova Gonzalez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 4. The Court has previously addressed the legal issues raised by claim one of the petition—that when a noncitizen has been paroled into the United States and is subsequently re-detained, due process requires a bond hearing where the government bears the burden of proving that the noncitizen is a flight risk or danger to the community. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025); *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025); *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); *D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026).

Petitioner claims that he entered the United States on August 4, 2024, and was permitted

to enter the United States by a border agent after being detained by CBP officials. Doc. 1 at 9-12. Petitioner was detained by immigration authorities on August 31, 2026, following his arrest in August 2026 on a state criminal charge. *Id.* at 11-21. Respondents do not assert that petitioner is subject to 8 U.S.C. § 1226(c).

Respondents acknowledge that petitioner was encountered at the border, paroled into the United States, and is now re-detained. *See* Doc. 9 at 1, 6-7. Respondents also concede that this case is in the category of cases in which the Court has ordered a bond hearing. *Id.* at 1. For the reasons addressed in *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094 (E.D. Cal. 2026), *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098 (E.D. Cal. 2025), and *Ramazan M. v. Andrews*, No. 1:25-CV-01356-KES-SKO (HC), 2025 WL 3145562 (E.D. Cal. Nov. 10, 2025), the court finds that petitioner is entitled to a bond hearing under the Due Process Clause.

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to provide petitioner Jose Roberto Cordova Gonzalez (A-Number: 244-651-972) with a bond hearing before a neutral decisionmaker within ten (10) days of the date of this Order. Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 72 hours' written notice before the bond hearing in a language that he can understand. At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence. Petitioner may be represented by an attorney at this hearing, and respondents may extend the deadline at petitioner's request so that he can obtain an attorney. If petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond. If respondents do not provide petitioner with a bond hearing within ten days, then respondents must release him.[1]

Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.

---

[1] This Order does not address the circumstances in which respondents may detain petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated: October 18, 2026

UNITED STATES DISTRICT JUDGE